OPINION
{¶ 1} Judy O. Adams appeals from the judgment of the Dayton Municipal Court, Small Claims Division, wherein judgment was awarded to Clarence W. Davis, Jr. upon Adams' complaint. Ms. Adams' complaint sought $2000 in damages for "several loans and property which he (Davis) agreed to pay for in installments but to date has made no effort after numerous requests to do so."
 {¶ 2} The trial court made the following findings of fact and conclusions of law after a bench trial was conducted.
 {¶ 3} In support of her claim, plaintiff testified that she and defendant had a long-standing relationship. Specifically, she testified she paid bills for defendant, and made numerous purchases for him over the period of May 20, 1999, through August 17, 2001. In support of her claim plaintiff introduced copies of checks and credit card receipts evidencing payment for the various bills and items.
 {¶ 4} Plaintiff testified she made the purchases for defendant because it was to be a committed relationship between she and defendant. In early September 2001, that relationship collapsed when defendant announced he was marrying another lady.
 {¶ 5} Barbara Long, plaintiff's best friend, testified plaintiff had told her that she and defendant had a committed relationship, and that plaintiff was shocked when defendant announced he was marrying a third party. She also testified plaintiff gave defendant a watch outside church, prior to his announcement.
 {¶ 6} Defendant took the stand in his own defense. Defendant testified he had a nineteen year old daughter with plaintiff, and that the parties had been "in and out" of a relationship many times over that period. Defendant further testified that clothes and money received periodically from plaintiff were gifts from her and his daughter. He also testified that he would pay back money given him by plaintiff by performing work and odd jobs for her. Concerning a computer desk, defendant testified he put it together as best he could.
 {¶ 7} In a civil case such as this one plaintiff bears the burden of proving her case by a preponderance of the evidence. This means for plaintiff to prevail at trial, and be awarded judgment, her evidence must outweigh that of Defendant. In this case, both plaintiff and defendant were credible as witnesses. Neither party was more believable, or less so, than the other. In addition, plaintiff's witness, Barbara Long, offered no evidence that added further weight to plaintiff's claim. Plaintiff's evidence, therefore, did not outweigh that of defendant. Given that fact, plaintiff could not prevail in her claim against defendant.
 {¶ 8} Ms. Adams is representing herself in this appeal and has filed a brief with this court. App.R. 16(A)(3) requires that the appellant include in her brief a statement of the assignments of error presented for review, with reference to the place in the trial record where each error is reflected. Ms. Adams has not included an assignment of error but we will treat her argument as an assignment that the judgment of the trial court was against the manifest weight of the evidence presented.
 {¶ 9} App.R. 9(B) provides that if the appellant intends to urge on appeal that a trial court finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all the evidence relevant to the findings or conclusion. Ms. Adams has failed to file any transcript of the proceedings in the municipal court and accordingly we cannot pass upon the credibility of the witnesses who testified in this matter.
 {¶ 10} The trial court's legal conclusion is not inconsistent with the trial court's factual findings. The trial court simply concluded that both parties were credible and thus the plaintiff had failed to meet her burden of proof in order to prevail. The judgment of the trial court must be Affirmed.
WOLFF, P.J., BROGAN and GRADY, JJ., concur.